

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRES TIRADO-LOPEZ, | ) |
| Petitioner, | ) Cr. No. 09-2777GT |
| v. | ) Cv. No. 10-1241GT |
| UNITED STATES OF AMERICA | ) ORDER |
| Respondent. | ) |

On June 9, 2010, Petitioner, Andres Tirado-Lopez ("Mr. Tirado"), filed a Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255. Mr. Tirado argues that his counsel was ineffective for a variety of reasons. Mr. Tirado also requests a two level downward departure based on his status as a deportable alien, which Mr. Tirado asserts "should have been considered as a mitigating factor" at his sentencing. The Court has fully considered this matter, including a review of Mr. Tirado's brief filed, the authorities cited therein and the arguments presented. For the reasons stated below, Mr. Tirado's Motion to Modify Sentence is **DENIED**.

First, Mr. Tirado pled guilty, pursuant to a written plea agreement, to one count of Deported Alien Found in the United States, in violation of 8 U.S.C. § 1326(a) and (b). In the written plea agreement, Mr. Tirado explicitly waived his right to appeal and/or collaterally attack his conviction

or sentence. The Ninth Circuit has long acknowledged that the terms of a plea agreement are enforceable. *See,* United States v. Baramdyka, 95 F.3d 840, 843 (9th Cir. 1996), *cert. denied,* 117 S.Ct. 1282 (1997). Since Mr. Tirado expressly waived his statutory right to appeal or collaterally attack his sentence in his plea agreement, Mr. Tirado is now precluded from challenging that sentence pursuant to 28 U.S.C. § 2255. *See,* United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993) (holding that a knowing and voluntary waiver of a statutory right is enforceable). Notably, in the written plea agreement, Mr. Tirado also agreed to a +16 enhancement for a crime of violence for his prior conviction.

Moreover, even if Mr. Tirado had not expressly waived his right to appeal or collaterally attack his sentence, his petition would still fail. In essence, Mr. Tirado argues that his counsel was ineffective for a variety of reasons. In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that this deficient performance prejudiced the petitioner. Strickland v. Washington 466 U.S. 668, 687 (1984). The petitioner must show that but for counsel's errors he would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52 (1985). Mr. Tirado has made no showing that he would have gone to trial but for the errors of his counsel. Additionally, in his written plea agreement, Mr. Tirado agreed to the +16 for the crime of violence. His counsel was bound by the plea agreement and could not argue against it before the Court.

Mr. Tirado also argues that because of his status as a deportable alien, he is "ineligible[] for pre-release custody and minimum security confinement." Mr. Tirado argues that the Court should grant him a two level downward departure because of his status. However, Mr. Tirado's argument that the Court should depart downward because he is a deportable alien is precluded by statute and current Ninth Circuit case law. By statute, the Court may depart downward only if there are "aggravating or mitigating circumstances . . . not adequately taken into consideration by the Sentencing Commission." 18 U.S.C. § 3553(b). Specifically, the Ninth Circuit has held that the threat of deportation is not a factor that the district court may consider for sentencing purposes. United States v. Alvarez-Cardenas, 902 F.2d 734, 737 (9th Cir. 1990). Accordingly,
//

**IT IS ORDERED** that Mr. Tirado's Motion to Modify Sentence is **DENIED.**

**IT IS SO ORDERED.**

8-11-11
_____
date

_____
GORDON THOMPSON, JR.
United States District Judge

cc: AUSA Bruce Castetter